The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SSHI LLC, a subsidiary of D.R. HORTON, INC.,<br><br>Defendant. | No. CV9 1383 RSM<br><br>ANSWER OF DEFENDANT SSHI LLC |

Defendant SSHI LLC ("defendant"), for answer to the complaint of the Equal Employment Opportunity Commission ("plaintiff" or "EEOC"), admits, denies, and alleges as follows.

1.

Answering plaintiff's description of the "Nature of the Action," defendant admits that plaintiff purports to bring this action under Title I of the Americans With Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 and that SSHI LLC is a subsidiary of D.R. Horton, Inc., but defendant denies the remaining allegations contained in plaintiff's description of the "Nature of the Action" and denies the implication that defendant violated the law.

ANSWER OF DEFENDANT SSHI LLC - 1
Case No. CV9 1383 RSM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1

2.

Answering paragraph 1 of plaintiff's complaint, defendant states that plaintiff purports to assert jurisdiction of the court pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345, but defendant denies the remaining allegations of paragraph 1 of plaintiff's complaint and denies the implication that defendant violated the law.

3.

Answering paragraph 2 of plaintiff's complaint, defendant admits that defendant employed Rebecca Denney ("Denney") in the state of Washington, but defendant denies the remaining allegations of paragraph 2 of plaintiff's complaint.

4.

Defendant admits paragraph 3 of plaintiff's complaint (to the extent that plaintiff is authorized by law to bring lawsuits), and paragraphs 4, 5, and 6 of plaintiff's complaint.

5.

Answering paragraph 7 of plaintiff's complaint, defendant admits that Denney filed a charge with the EEOC on December 20, 2007 alleging sex discrimination and that on or about October 24, 2008 purported to file an "amendment" to her sex discrimination charge further alleging "that my employer's failure to reasonably accommodate my pregnancy-related disability, failure to engage in the interactive process, and failure to show that extending my leave of absence would cause an undue hardship violated Title I of the Americans with Disabilities Act of 1990," but defendant denies the remaining allegations of paragraph 7 of plaintiff's complaint.

6.

Defendant denies the allegations of paragraphs 8, 9, and 10 of plaintiff's complaint.

7.

Defendant denies each and every allegation not specifically admitted herein.

ANSWER OF DEFENDANT SSHI LLC - 2
Case No. CV9 1383 RSM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof, defendant states the following separate additional defenses.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim for Relief)**

8.

Plaintiff has failed to state facts sufficient to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

9.

Denney has failed or refused to seek other employment or accept and maintain other gainful employment or otherwise failed to make a good-faith effort to mitigate damages; accordingly, plaintiff and Denney are barred from relief because Denney failed to mitigate her damages, if any.

### THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

10.

The claims asserted in the complaint are barred in whole or in part by the applicable statute of limitations or administratively prescribed time lines.

### FOURTH AFFIRMATIVE DEFENSE

**(Failure to Conciliate)**

11.

Plaintiff's claim is barred by plaintiff's failure to make a reasonable effort to conciliate this case prior to commencement of this lawsuit and/or its grossly arbitrary and unreasonable actions.

ANSWER OF DEFENDANT SSHI LLC - 3
Case No. CV9 1383 RSM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1

## FIFTH AFFIRMATIVE DEFENSE

### (Job Elimination)

12.

Plaintiff's claims on behalf of Denney are barred in that the position held by Denney was eliminated. Therefore, plaintiff is barred from any relief on behalf of Denney in the form of equitable relief which relates to a time postdating that elimination.

## SIXTH AFFIRMATIVE DEFENSE

### (Denney Was Not Disabled Within the Meaning of the ADA)

13.

Plaintiff's claim asserting a violation by defendant of the Americans With Disabilities Act (ADA) fails because Denney was not disabled within the meaning of the ADA.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Coverage Under ADA)

14.

Because Title VII and the Pregnancy Discrimination Act prohibit discrimination on the basis of pregnancy, there is no need to cover pregnancy-related matters under the ADA.

## EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory, and Reasonable Business Reasons)

15.

All employment decisions regarding or affecting Denney were based upon legitimate, nondiscriminatory, and reasonable business reasons. Alternatively, defendant would have made the same employment decisions with regard to Denney in the absence of any discriminatory motive, and such motive is denied.

ANSWER OF DEFENDANT SSHI LLC - 4
Case No. CV9 1383 RSM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1

## NINTH AFFIRMATIVE DEFENSE

### (Outside the Course and Scope of Employment)

16.

If any improper, illegal, or discriminatory actions were taken by any of defendant's employees against Denney, they were outside the course and scope of that employee's employment, contrary to defendant's policies, and were not ratified, confirmed, or approved by defendant. Thus, any such actions cannot be attributed or imputed to defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith Efforts)

17.

Defendant engaged in good faith efforts to comply with civil rights laws. Moreover, the conduct complained of by plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law, and therefore, plaintiff fails to state a claim for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

18.

Plaintiff's claims are barred, in whole or in part, due to the failure to exhaust administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Entitlement to Punitive Damages)

19.

Plaintiff's claims for punitive damages violates limitations imposed by constitutional protections, including but not limited to due process.

ANSWER OF DEFENDANT SSHI LLC - 5
Case No. CV9 1383 RSM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Denney Failed to Seek Assistance Pursuant to Policies of Employer)**

20.

Defendant has policies in place prohibiting the conduct of which plaintiff complains and Denney unreasonably failed to seek assistance pursuant to such policies.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Estoppel and Waiver)**

21.

Some or all of plaintiff's claims are barred by the doctrines of estoppel and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

22.

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, defendant prays as follows:

(1)    That plaintiff's claims be dismissed and that plaintiff and Denney take nothing;

(2)    That judgment be entered in favor of defendant dismissing plaintiff's claims and that defendant be awarded its fees, costs, and disbursements in defending against plaintiff's claims;

ANSWER OF DEFENDANT SSHI LLC - 6
Case No. CV9 1383 RSM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1

1  (3)  That defendant be awarded its attorneys' fees pursuant to 42 U.S.C. 2000e-5(k);

2  (4)  That defendant be awarded such other relief as the court deems just and equitable.

4  DATED this 27th day of October, 2009.

BARRAN LIEBMAN LLP

By _____
Richard C. Hunt, WSBA #14169
Paula A. Barran, WSBA #14841
Attorneys for Defendant

ANSWER OF DEFENDANT SSHI LLC - 7
Case No. CV9 1383 RSM

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of October, 2009, I caused the foregoing **ANSWER OF DEFENDANT SSHI LLC** to be:

☒ electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> William R. Tamayo, Regional Attorney
> John F. Stanley, Supervisory Trial Attorney
> Molly P. Kucuk, Trial Attorney
> Equal Employment Opportunity Commission
> 909 1st Ave., Suite 400
> Seattle, WA 98104-1061

☐ mailed by first class United States mail (postage prepaid) to the following:

☐ hand delivered to the following non-CM/ECF participants:

☐ faxed and mailed by first class United States mail, postage prepaid, to the following non-CM/ECF participants:

_____
Richard C. Hunt
Of Attorneys for Defendant

CERTIFICATE OF SERVICE

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

00159037.1